**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>NANOMECH, INC.,<br><br>Debtor. [1] | Chapter 11<br><br>Case. No. 19-10851<br><br>RE: D.I. 37, 93 |

**AMENDED ORDER (A) APPROVING BID PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) AUTHORIZING THE DEBTOR TO ENTER INTO STALKING HORSE AGREEMENTS AND APPROVING CERTAIN BID PROTECTIONS (C) SCHEDULING AN AUCTION FOR AND HEARING TO APPROVE SALE OF ASSETS, (D) APPROVING NOTICE OF RESPECTIVE DATE, TIME AND PLACE FOR AUCTION AND FOR HEARING ON APPROVAL OF SALE, (E) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (F) APPROVING FORM AND MANNER OF NOTICE THEREOF, AND (G) GRANTING RELATED RELIEF**

Upon the Debtor's Motion, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6003, 6004, 6006, 9007, 9008 and 9014 for Entry of (I) an Amended Order (A) Approving Bid Procedures in Connection with the Sale of the Debtor's Assets, (B)Scheduling an Auction for and Hearing to Approve Sale of Assets, (C) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of Sale, (D) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (E) Approving Form and Manner of Notice Thereof and (F) Granting Related Relief; and (II) an Order Authorizing and Approving (A) the Sale of the Debtor's Assets, (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Related Relief (the "Motion")[2] for entry of an order authorizing or approving, among other

---

[1]    The last four digits of the Debtor's federal tax identification number are 3143.  The Debtor's service address for the purpose of this chapter 11 case is: 2447 Technology Way, Springdale, AR 72764.

[2] Capitalized terms used but not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

things, (a) the bid procedures (in the form attached hereto as <u>Exhibit 1</u>, the "<u>Bid Procedures</u>") in connection with the sale or disposition (the "<u>Sale</u>") of substantially all of the assets of the Debtor (as described further in the Motion, the "<u>Assets</u>"), (b) the notice of the Auction and Sale and hearing thereon (in the form attached hereto as <u>Exhibit 2</u>, the "<u>Notice of Auction and Sale Hearing</u>"), (c) the procedures (the "<u>Assignment Procedures</u>"), as set forth below, for the assumption and assignment of certain of the Debtor's executory contracts or unexpired leases (the "<u>Contracts</u>") and (d) the notice of the potential assumption and assignment of the Contracts (in the form attached hereto as <u>Exhibit 3</u>, the "<u>Potential Assumption and Assignment Notice</u>"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(b) and 157; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given except as set forth herein with respect to the Auction, the Sale Hearing and the potential assumption and assignment of the Contracts; and a reasonable opportunity to object to or be heard regarding the relief provided herein has been afforded to parties-in- interest pursuant to Bankruptcy Rule 6004(a); and the Court having considered the First Day Declaration; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found that the relief sought in the Motion is in the best interests of the Debtor, their estates, their creditors and all other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

A.    The Bid Procedures attached hereto as Exhibit 1, are fair, reasonable and appropriate, and are designed to maximize the value to be achieved from the Sale.

B.    The Assignment Procedures provided for herein are fair, reasonable and appropriate and consistent with the provisions of section 365 of the Bankruptcy Code.

C.    The Debtor have articulated good and sufficient business reasons for the Court to approve (i) the Bid Procedures, including the scheduling of bid deadlines, auction and sale hearing with respect to the proposed Sale; and (ii) the establishment of procedures to assume and assign the Contracts and fix the Cure Costs (as defined below) to be paid pursuant to section 365 of the Bankruptcy Code.

D.    The Notice of Auction and Sale Hearing, and the Debtor's proposed publication of the Notice of Auction and Sale Hearing, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale, the Bid Procedures and the Assignment Procedures to be employed in connection therewith, including, without limitation: (i) the date, time and place of the Auction (if one is held); (ii) the Bid Procedures and the dates and deadlines related thereto; (iii) the objection deadline for the Sale and the date, time and place of the Sale Hearing; (iv) reasonably specific identification of the Assets; and (v) representations describing the Sale as being free and clear of liens, claims, interests and other encumbrances, with all such liens, claims, interests and other encumbrances attaching with the

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

same validity and priority to the proceeds of the Sale; and no other or further notice of the Sale shall be required.

E.      The Potential Assumption and Assignment Notice is appropriate and reasonably calculated to provide each non-debtor party to any Contracts, (such parties, collectively, the "Non-Debtor Counterparties") with proper notice of the Assignment Procedures. The inclusion of any Contract on a Potential Assumption and Assignment Notice does not constitute an admission that a particular Contract is an executory contract or unexpired lease of property or require or guarantee that such Contracts will be assumed and assigned and all rights of the Debtor with respect thereto are reserved.

F.      No further notice beyond that described in the foregoing paragraphs is required in connection with the Sale.

G.      The entry of this order (the "Bid Procedures Order") is in the best interests of the Debtor, its estate, their creditors, and other parties-in-interest.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      All objections to the Motion or the relief provided herein, as they pertain to the entry of this Bid Procedures Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

<u>**The Bid Procedures**</u>

3.      The Bid Procedures are incorporated herein and approved, and shall apply with respect to the Sale. The Debtor is authorized to take all actions reasonable and necessary or appropriate to implement the Bid Procedures.

4.      The Debtor is authorized to conduct the Bidding Process (as defined in the Bid Procedures) in accordance with the Bid Procedures and without the necessity of complying with any state or local bulk transfer laws or requirements applicable to the Debtor.

5.      Potential Bidders or Qualified Bidders (other than any Stalking Horse Bidder), shall not be allowed any break-up, termination or similar fee with respect to the Assets. Moreover, all Potential Bidders and Qualified Bidders, waive any right to seek a claim for substantial contribution pursuant to section 503 of the Bankruptcy Code or the payment of any broker fees or costs.

## Assignment Procedures

6.      The following Assignment Procedures shall govern the assumption and assignment of the Contracts in connection with the Sale, and any objections related thereto:

   a.   On or before April 25th, 2019, the Debtor shall file with the Court and serve on each Non-Debtor Counterparty to each of the Contracts the Potential Assumption and Assignment Notice. In the event that the Debtor identify any Non-Debtor Counterparties which were not served with the Potential Assumption and Assignment Notice, the Debtor may subsequently serve such Non-Debtor Counterparty with a Potential Assumption and Assignment Notice, and the following procedures will nevertheless apply to such Non-Debtor Counterparty; provided, however, that the Cure Cost/Assignment Objection Deadline (defined below) with respect to such Non-Debtor Counterparty shall be 12:00 p.m. on the date that is the later of June 22, 2019 or fourteen (14) days following service of the Potential Assumption and Assignment Notice.

   b.   The Potential Assumption and Assignment Notice served on each Non-Debtor Counterparty shall (i) identify each Contract; (ii) list the proposed calculation of the cure amounts that the Debtor believe must be paid to cure all defaults outstanding under the Contract as of such date (the "Cure Costs"); (iii) include a statement that assumption and assignment of such Contract is not required or guaranteed; and (iv) inform such Non-Debtor Counterparty of the requirement to file any Cure Cost/Assignment Objections (defined below) by the Cure Cost/Assignment Objection Deadline (defined below). Service of a Potential Assumption and Assignment Notice does not constitute an admission that a particular Contract is an executory contract or unexpired lease of property, or confirm that the Debtor is required to assume and/or assign such Contract.

c.  Objections (a "Cure Cost/Assignment Objection"), if any, to (i) the scheduled Cure Costs, and/or (ii) the proposed assumption, assignment and/or transfer of such Contract (including the transfer of any related rights or benefits thereunder), other than objections that relate specifically to the identity of a Successful Bidder, must (x) be in writing; (y) state with specificity the nature of such objection, including the amount of Cure Costs in dispute and (z) be filed with the Court and properly served on the Notice Parties (as defined below) so as to be received no later than 12:00 p.m. on June 12, 2019 (the "Cure Cost/Assignment Objection Deadline"), subject to the proviso in subparagraph (a) above.

d.  Objections (a "Post-Auction Objection") of any Non-Debtor Counterparty related solely to the identity of and adequate assurance of future performance provided by the Successful Bidder must (x) be in writing; (y) state with specificity the nature of such objection, and (z) be filed with the Court and properly served on the Notice Parties so as to be received no later than 5:00 p.m. (prevailing Eastern Standard Time) on  June  22 , 2019 (the "Post-Auction Objection Deadline"), subject to the proviso in subparagraph (a) above; provided, however, that in the event that the Debtor obtain a Stalking Horse Bid and provide notice of the identity of the Stalking Horse Bidder in the Potential Assumption and Assignment Notice, any objection of a Non-Debtor Counterparty related to Stalking Horse Bid (including with respect to the identity of and adequate assurance of future performance provided by) the Stalking Horse Bidder must be filed as a Cure Cost/Assignment Objection by the Cure Cost/Assignment Objection Deadline.

e.  Any Non-Debtor Counterparty to a Contract who fails to timely file and properly serve a Cure Cost/Assignment Objection or Post-Auction Objection as provided herein will (i) be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts with respect to such Contract in the event it is assumed and/or assigned by the Debtor and the Debtor shall be entitled to rely solely upon the Cure Costs, and (ii) be deemed to have consented to the assumption, assignment and/or transfer of such Contract (including the transfer of any related rights and benefits thereunder) to the relevant Successful Bidder and shall be forever barred and estopped from asserting or claiming against the Debtor or the Successful Bidder that any additional pre-closing amounts are due or pre-closing defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied under such Contract, or that any related right or benefit under such Contract cannot or will not be available to the relevant Successful Bidder. If a Cure Cost/Assignment Objection is timely filed and properly served, the Resolution Procedures (as defined below) will apply.

f.  If a Non-Debtor Counterparty files a Cure Cost/Assignment Objection satisfying the requirements of these Assignment Procedures, the Debtor and the Non-Debtor Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention (the "Resolution

Procedures"). If the applicable parties determine that the objection cannot be resolved without judicial intervention in a timely manner, the Court shall make all necessary determinations relating to such Cure Cost/Assignment Objection at a hearing scheduled pursuant to the following paragraph.

g.  Consideration of unresolved Cure Cost/Assignment Objections and Post-Auction Objections relating to all Contracts, if any, will be held at the Sale Hearing, provided, however, that (i) any Contract that is the subject of a Cure Cost/Assignment Objection with respect solely to the amount of the Cure Cost may be assumed and assigned prior to resolution of such objection and (ii) the Debtor, in consultation with the Consultation Parties, may adjourn a Cure Cost/Assignment objection in their discretion in consultation with the Consultation Parties.

h.  A timely filed and properly served Cure Cost/Assignment Objection or Post-Auction Objection will reserve the filing Non-Debtor Counterparty's rights relating to the Contract, but will not be deemed to constitute an objection to the relief generally requested in the Motion with respect to the approval of the Sale.

i.  The Debtor's assumption and/or assignment of a Contract is subject to approval by the Court, consummation of the Sale and receipt of a Confirmation Notice (as defined below). Absent consummation of the Sale, receipt of a Confirmation Notice and entry of a Sale Order approving the assumption and/or assignment of the Contracts, the Contracts shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtor.

j.  Within ten (10) days following the assumption and assignment of any Contract to the relevant Successful Bidder, the Debtor shall file with the Court and shall serve each Non-Debtor Counterparty whose Contract the Debtor assumed and/or assigned with a notice of assumption and assignment of such Contract (the "Confirmation Notice"). Any Contract where no Confirmation Notice was served shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtor.

k.   The Debtor's decision to assume and assign the Contracts to the relevant Successful Bidder(s) is subject to the Court's approval and the closing of the Sale. Accordingly, absent the Court's approval and the closing of the Sale, the Contracts shall not be deemed assumed or assumed and assigned, and shall in all respects be subject to further administration by the Debtor and their estates under the Bankruptcy Code in connection with the Chapter 11 Case.

## Notice Procedures

7.     Service and publication of the Notice of Auction and Sale Hearing are sufficient to provide effective notice to all interested parties of, *inter cilia*, the Bid Procedures, the Auction, the Sale Hearing, the Sale and the Assignment Procedures in accordance with Bankruptcy Rules 2002 and 6004, as applicable, and are approved.

8.     On or before May 25, 2019, 29 days after entry of this Bid Procedures Order, the Debtor will cause the Notice of Auction and Sale Hearing to be sent by first-class mail postage prepaid, to the following: (a) Office of the United States Trustee; (b) holders of the 30 largest unsecured claims on a consolidated basis against the Debtor; (c) counsel to the official or unofficial creditors' committee, if one has been appointed; (d) counsel to the DIP Lender; (e) all parties known or reasonably believed to have asserted an interest in any of the Assets; (f) the Non-Debtor Counterparties to the Debtor's unexpired leases executory contracts; (g) the Attorneys General in the State(s) where the Assets are located; (h) all state and local taxing authorities in the State(s) where the Assets are located; (i) the Internal Revenue Service; (j) all parties that have asserted liens against the Assets; and (k) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

9.     In addition to the foregoing, on or before five (5) business days after entry of the Bid Procedures Order, the Debtor shall, subject to applicable submission deadlines,  publish the Notice of Auction and Sale Hearing once in the national edition of the Wall Street Journal, and post the Notice of Auction and Sale Hearing and the Bid Procedures Order on the website of the Debtor's claims and noticing agent, if any.

10.     Within 24 hours following conclusion of the Auction, the Debtor shall file a notice on the Court's docket identifying the Successful Bidder(s) for the Assets and any applicable Next-Highest Bidder(s).

11.     The Potential Assumption and Assignment Notice, and the other Assignment Procedures set forth herein, are sufficient to provide effective notice pursuant to Bankruptcy Rules 2002(a)(2), 6004(a) and 6006(c) to the Non-Debtor Counterparties to the Contracts of the Debtor's intent to potentially assume and assign some or all of the Contracts and are approved.

### **Auction and Sale Hearing**

12.     **Bid Deadline**. As further described in the Bid Procedures, the deadline for submitting bid for the Assets (the "Bid Deadline") is June 17, 2019 at 12:00 p.m.  No bid <u>shall</u> be deemed to be a Qualified Bid unless such bid meets the requirements set forth in the Bid Procedures.

13.     **Auction**. If at least two Qualified Bids (or one Qualified Bid if there is also a Stalking Horse Bid) are received by the Bid Deadline with regard to the Assets, the Debtor will conduct an Auction in accordance with the Bid Procedures, which Auction shall take place on June 19, 2019 at 10:00 a.m. (prevailing Eastern Standard Time) at the offices of proposed counsel to the Debtor, Gellert Scali Busenkell & Brown, LLC, 1201 North Orange Street, 3rd Floor, Wilmington, Delaware 19801, or such later time or such other place as the Debtor shall designate and notify to all Qualified Bidders (as defined in the Bid Procedures) who have submitted Qualified Bids. If the Debtor receive only one Qualified Bid with regard to any particular Assets (or all of the Assets), (a) the Debtor shall not hold an Auction with respect to such Assets; (b) the Stalking Horse Bid or the Qualified Bid, as applicable, will be the Successful

Bid with respect to such Assets; and (c) the Stalking Horse Bidder or the Qualified Bidder, as applicable, will be named the Successful Bidder with respect to such Assets.

14.     Each Qualified Bidder participating in the Auction will be required to confirm, in writing, that (a) it has not engaged in any collusion with respect to the Bidding Process or on the record at the Auction, (b) its Qualified Bid is a good faith bona fide offer that it intends to consummate if selected as the Successful Bidder, and (c) the Qualified Bidder agrees to serve as a backup bidder if its Qualified Bid is the next highest and best bid after the Successful Bid with respect to the relevant Assets.

15.     **Sale Hearing**. The Sale Hearing shall be held before the Court on June 24, 2019 at 10:00 a.m.  before the Honorable Judge Sontchi, United States Bankruptcy Judge for the Bankruptcy Court for the District of Delaware. The Debtor shall file a form of Sale Order before the Sale Hearing. At the Sale Hearing, the Debtor will seek the entry of the Sale Order approving and authorizing the Sale to the Successful Bidder(s). The Sale Hearing (or any portion thereof) may be adjourned by the Court or the Debtor from time to time without further notice other than by announcement in open court, on the Court's calendar or through the filing of a notice or other document on the Court's docket.

16.     **Sale Objection Deadline**. The deadline to object to the relief requested in the Motion, including entry of the proposed Sale Order (a "Sale Objection") is June 22, 2019 at 4:00 p.m.  (the "Sale Objection Deadline"). A Sale Objection must be filed with the Court and served in the manner set forth below so actually received no later than the Sale Objection Deadline.

17.     Post-Auction Objection Deadline. The deadline to object only to (i) the conduct at the Auction (if held) or (ii) solely with respect to the Non-Debtor Counterparties to the Contracts, to the specific identity of and adequate assurance of future performance provided by

the Successful Bidder with respect to the applicable Assumed Contract or Assumed Lease (a "Post-Auction Objection") is  June 22, 2019 at 10:00 a.m. (the "Post-Auction Objection Deadline"). A Post-Auction Objection must be filed with the Court and served in the manner set forth below so *actually received* no later than the Post-Auction Objection Deadline.

### Objection Procedures

18.    Any party that seeks to object to the relief requested in the Motion pertaining to approval of the Sale shall file a formal written objection that complies with the objection procedures as set forth herein and in the Motion, as applicable.

19.    Objections, if any, must be: (i) be in writing; (ii) signed by counsel or attested to by the objecting party; (iii) in conformity with the applicable provisions of the Bankruptcy Rules and the Local Rules; (iv) state with particularity the legal and factual basis for the objection and the specific grounds therefor; (v) be filed with the Clerk of the Court, together with proof of service and (vi) be served, so as to be actually received on or before the applicable Objection Deadline, upon (a) proposed counsel to the Debtor, Gellert Scali Busenkell & Brown, LLC, 1201 North Orange Street, 3rd Floor, Wilmington, Delaware 19801, (b) counsel to the official committee of unsecured creditors, if one is appointed; (c) the Office of the United States Trustee for the District of Delaware; (d) counsel to Michaelson Capital Special Finance Fund II, LLP Otterbourg, P.C., 230 Park Avenue, New York, New York 10169-0075 (Attn:  Jonathan N. Helfat, Esq., Fax: (212) 682-6104) (collectively, the "Notice Parties").

20.    Failure to file a Sale Objection on or before the Sale Objection Deadline (a) shall forever bar the assertion, whether at any Sale Hearing or thereafter, of any objection to the Motion, to entry of the Sale Order, and/or to the consummation and performance of the Sale with a Successful Bidder, and (b) for purposes of section 363of the Bankruptcy Code, shall be deemed

to be "consent" to entry of the Sale Order and consummation of the Sale and all transactions related thereto.

## Other Relief Granted

21.     This Bid Procedures Order shall be binding in all respects upon any trustees, examiners, "responsible persons" or other fiduciaries appointed in the Debtor' bankruptcy cases or upon a conversion to chapter 7 under the Bankruptcy Code.

22.     Nothing herein shall be deemed to or constitute the assumption, assignment or rejection of any executory contract or unexpired lease.

23.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, the stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bid Procedures Order shall be effective immediately and enforceable upon its entry.

24.     In the event of any conflict between this Order and the Bid Procedures, this Order shall govern in all respects.

25.     The requirements set forth in Local Rules 6004-1, 9006-1, and 9013-1 are hereby satisfied or waived.

26.     This Court shall retain exclusive jurisdiction over any matters related to or arising from the implementation of this Order.

**<u>EXHIBIT 1</u>**

**<u>Bid Procedures</u>**

(see attached)

## BID PROCEDURES

Set forth below are the bid procedures (the "<u>Bid Procedures</u>") to be used with respect to the sale or disposition (the "<u>Sale</u>") of the Assets (as defined below) of NanoMech, Inc. (the "<u>Debtor</u>").

Additional information regarding the Assets can be obtained by contacting the Debtor's counsel Gellert Scali Busenkell & Brown, LLC, 1201 North Orange Street, 3rd Floor, Wilmington, Delaware 19801; Attention: Mike Busenkell, DD: (302-425-5812), MBusenkell@gsbblaw.com.

## I.      Description of the Assets to be Sold

The Debtor is seeking to sell all or substantially all of its business as a going concern, including, but not limited to, the inventory, receivables, equipment, intellectual property, unexpired leases, contract rights and other assets related to or necessary to operate the business currently operated by the Debtor, but excluding cash and causes of action arising under chapter 5 of the Bankruptcy Code (as defined below) (the "<u>Assets</u>").

The Sale of the Assets shall be subject to a competitive bidding process as set forth herein and approval by the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 2002, 6003, 6004, 6006, 9007, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  The Debtor may consider bids for the Assets in a single bid from a single bidder, or in multiple bids from multiple bidders. The aggregate consideration offered must satisfy the requirements set forth in these Bid Procedures, including without limitation, by either (x) providing cash proceeds in an amount sufficient to pay in full in cash all outstanding obligations owed by the Debtor under the Interim or Final DIP Financing Order or (y) be approved and consented to by the Agent.  The Agent reserves the right to credit bid.

## II.      Timeline

| Date | Event |
|---|---|
| April 26, 2019 at 5:00 p.m. (EST) | Dissemination of Bid Packages |
| April 26, 2019 | Service of Potential Assumption and Assignment Notice |
| June 17, 2019 at 5:00 p.m. (EST) | Bid Deadline |
| June 19, 2019 at 10:00 a.m. (EST) | Auction |
| June 22, 2019, 4:00 p.m. (EST) | Sale Objection Deadline<br>Cure Cost/Assignment Objection Deadline |

| June 22, 2019, 10:00 a.m. (EST) | Post-Auction Objection Deadline |
|---|---|
| June 24, 2019, 10:00 a.m. (EST) | Sale Hearing |
| June 25, 2019 | Closing Date |

### III.    Confidentiality Agreement

Unless otherwise ordered by the Bankruptcy Court for cause shown, to participate in the Bidding Process (as defined below), each person or entity other than a credit bidder must enter into (unless previously entered into) with the Debtor, on or before the Bid Deadline (as defined below), an executed confidentiality agreement in form and substance reasonably satisfactory to the Debtor (the "Confidentiality Agreement"). Each person or entity that enters into the Confidentiality Agreement with the Debtor on or before the Bid Deadline is hereinafter referred to as a "Potential Bidder." The Debtor, in consultation with the Consultation Parties, expressly reserve the right to reject any "joint bids" by multiple Potential Bidders or bids submitted by joint ventures formed by more than one Potential Bidder.

After a Potential Bidder enters into the Confidentiality Agreement with the Debtor, the Debtor shall deliver or make available (unless previously delivered or made available) to each Potential Bidder certain designated information (including, if applicable, financial data) with respect to the Assets.

### IV.    Determination by the Debtor

As appropriate throughout the Bidding Process, the Debtor will consult with Michaelson Capital Special Finance Fund  II, L.P. (" the DIP Lender"), the post petition lender to the Debtor, and the official committee of unsecured creditors appointed in the Debtor's chapter 11 case, if any (the "Creditors' Committee" and, collectively with the DIP Lender, the "Consultation Parties") and shall (a) coordinate the efforts of Potential Bidders in conducting their respective due diligence, (b) evaluate bids from Potential Bidders for the Assets, (c) negotiate any bid made to acquire of the Assets, and (d) make such other determinations as are provided in these Bid Procedures (collectively, the "Bidding Process"). Neither the Debtor nor its representatives shall be obligated to furnish any information of any kind whatsoever relating to the Assets to any party that is not a Potential Bidder or a Consultation Party.

### V.    Due Diligence

Up to and including the Bid Deadline (as defined below) (such period, the "Diligence Period"), the Debtor shall afford any Potential Bidder, and any Consultation Party, such available due diligence access or additional information as may be reasonably requested by the Potential Bidder or Consultation Party, as applicable, that the Debtor, in its business judgment, and in consultation with the DIP Lender, determine to be reasonable and appropriate under the circumstances. The Debtor will provide, in an electronic data room to be established for these

purposes, a form asset purchase agreement for a sale of substantially all of the Debtor's Assets (the "Form APA"), and will grant each Potential Bidder or Consultation Party, as applicable, access to such data room. The Debtor may designate a representative or representatives to coordinate all reasonable requests for additional information and due diligence access from such Potential Bidders and/or Consultation Parties, as applicable. Each Potential Bidder shall be required to acknowledge that it has had an opportunity to conduct any and all due diligence regarding the Assets in conjunction with submitting its Bid (as defined below). Notwithstanding the foregoing, the Debtor reserves the right, in their reasonable discretion and following consultation with the Consultation Parties, to withhold or limit access to any information that the Debtor determine to be commercially sensitive or otherwise not appropriate to disclose to any Potential Bidder.

**VI.    Bid Deadline**

A Potential Bidder that desires to make a Bid shall deliver copies of its Bid, in Microsoft Word format, by email to: (a) proposed counsel to the Debtor, Gellert Scali Busenkell & Brown, LLC, 1201 N. Orange St., Suite 300, Wilmington, DE 19801, Attn: Michael Busenkell, Esq, mbusenkell@gsbblaw.com, (b) counsel to the official or unofficial creditors' committee, if one has been appointed; and (c) counsel to the DIP Lender, Otterbourg P.C., 230 Park Avenue, New York, NY 10169 Attn: Jonathan N. Helfat, Esq, jhelfat@otterbourg.com; by no later than June 17, 2019 at 5:00 p.m. (the "Bid Deadline"). The Debtor, in turn, shall provide copies of all Bid materials to each Consultation Party so long as such party has not submitted a Bid, as set forth below.

**VII.    Bid Requirements**

All bids (each hereinafter, a "Bid") must (collectively, the "Bid Requirements") be accompanied by:

(i)     a redline of the Form APA marked to reflect any proposed amendments and modifications to the Form APA and the applicable schedules and exhibits;

(ii)     agreeing that the Potential Bidder's offer is binding and irrevocable until the later of (i) the Closing Date (as defined herein), or (ii) twenty (20) days after the Sale Hearing (unless selected as the Next-Highest Bidder (as defined below) in which case such offer will remain open until the Closing Date);

(iii)     a statement providing for a Closing Date that occurs on or before June 25th, 2019;

(iv)     a statement providing that such Bid is not subject to any due diligence or financing contingency;

(v)     a statement providing that the Potential Bidder agrees to serve as a backup bidder (the "Next-Highest Bidder") if the Potential Bidder's Qualified Bid (as defined below) is the next highest and best bid after the Successful Bid (as defined below) (the "Next-Highest Bid") with respect to the relevant Assets;

16

(vi)     providing adequate assurance of future performance information (the "Adequate Assurance Information"), including (i) information about the Potential Bidder's financial condition, such as federal tax returns for two years, a current financial statement, or bank account statements, (ii) information demonstrating (in the Debtor's reasonable business judgment) that the Potential Bidder has the financial capacity to consummate the proposed Sale, (iii) evidence that the Potential Bidder has obtained authorization or approval from its board of directors (or comparable governing body) with respect to the submission of its Bid, (iv) the identity and exact name of the Potential Bidder (including any equity holder or other financial backer if the Potential Bidder is an entity formed for the purpose of consummating the proposed Sale), and (v) such additional information regarding the Potential Bidder as the Potential Bidder may elect to include. By submitting a Bid, Potential Bidders agree that the Debtor may disseminate their Adequate Assurance Information to affected landlords, contract counterparties, and the Consultation Parties in the event that the Debtor determine such bid to be a Qualified Bid (as defined below);

(vii)     (a) a deposit in the form of a certified check or wire transfer, payable to the order of the Debtor, in the amount of ten percent (10%) of cash consideration portion of the Bid, which funds will be deposited into an interest bearing escrow account to be identified and established by the Debtor (a "Good Faith Deposit") and (b) written evidence, documented to the Debtor's satisfaction, that demonstrates the Potential Bidder has available cash, a commitment for financing if selected as the Successful Bidder (as defined below) with respect to the relevant Assets (provided, however, that the closing shall not be contingent in any way on the Successful Bidder's financing) and such other evidence of ability to consummate the transaction(s) as the Debtor may request, including proof that such funding commitments or other financing are not subject to any internal approvals, syndication requirements, diligence or credit committee approvals (provided that such commitments may have covenants and conditions acceptable to the Debtor). The Debtor reserve the right to increase or decrease the Good Faith Deposit for one or more Qualified Bidders (as defined below) in their sole discretion after consulting with the Consultation Parties.

The Debtor, in consultation with the Consultation Parties, will review each Bid received from a Potential Bidder to determine whether it meets the requirements set forth above. A Bid received from a Potential Bidder that meets the above requirements, and is otherwise satisfactory to the Debtor, will be considered a "Qualified Bid" and each Potential Bidder that submits a Qualified Bid will be considered a "Qualified Bidder"; provided, that, no Bid will be deemed to be a Qualified Bid unless such Bid provides value to the Debtor's estate, in cash, in an amount which exceeds the value of the Bid of the Stalking Horse Bidder by no less than $500,000. The Debtor shall inform the Qualified Bidders that their Bids have been designated as Qualified Bids no later than 48 hours after such Bids are received.

For the avoidance of doubt, Michaelson Capital Special Finance Fund II, L.P. or any entity affiliated with Michaelson Capital Finance Fund II, L.P. will be deemed to be a Qualified Bidder, for all purposes and requirements pursuant to the Bid Procedures, notwithstanding the

requirements that a Potential Bidder must satisfy to be a Qualified Bidder, and any Bid submitted by Michaelson Capital Special Finance Fund II, L.P. will be deemed to be a Qualified Bid, for all purposes and requirements pursuant to these Bid Procedures, notwithstanding the requirements that a Bid must satisfy to be a Qualified Bid, including the requirements, among others, to deliver a confidentiality agreement and post a Good Faith Deposit.

A Qualified Bid will be valued by the Debtor based upon any and all factors that the Debtor, in consultation with the Consultation Parties, reasonably deem pertinent in their reasonable business judgment, including, among others, (a) the amount of the Qualified Bid, (b) the risks and timing associated with consummating the transaction(s) with the Qualified Bidder, (c) any excluded assets or executory contracts and leases, and (d) any other factors that the Debtor (in consultation with the Consultation Parties) may reasonably deem relevant.

The Debtor, in its business judgment, and in consultation with the Consultation Parties, reserves the right to reject any Bid if such Bid, among other things:

(a)     requires any indemnification of the Potential Bidder in its Purchase Agreement;

(b)     is not received by the Bid Deadline;

(c)     is subject to any contingencies (including representations, warranties, covenants and timing requirements) of any kind or any other conditions precedent to such party's obligation to acquire the relevant Assets;

(d)     seeks any bid protections; or

(e)     does not, in the Debtor's determination (after consultation with the Consultation Parties), include a fair and adequate price or the acceptance of which would not be in the best interests of the Debtor's estate or the Auction.

Any Bid rejected pursuant to this paragraph shall not be deemed to be a Qualified Bid. In the event that any Bid is so rejected, the Debtor shall cause the Good Faith Deposit of such Potential Bidder (including all accumulated interest thereon) to be refunded to it within five (5) business days after the Bid Deadline.

If the Debtor does not receive one or more Qualified Bids prior to the Bid Deadline with respect to the Assets, the Debtor may, in consultation with the Consultation Parties and consistent with the terms of the DIP Documents, among other things, (i) extend such Bid Deadline and postpone the Auction, or (ii) cancel the Auction and terminate the proposed Sale for the subject Assets.

## VIII.   Credit Bidding

In connection with the Sale of all the Assets, Michaelson Capital Finance Fund II L.P. may seek to credit bid some or all of its claims for its respective collateral (each such bid, a "Credit Bid") pursuant to section 363(k) of the Bankruptcy Code. A Credit Bid may be applied only to reduce the cash consideration with respect to those assets in which the party submitting

such Credit Bid holds a security interest. MC shall be considered a Qualified Bidder with respect to its right to acquire all or any of the Assets by Credit Bid.

## IX.    Auction

Unless otherwise ordered by the Bankruptcy Court for cause shown, only the Qualified Bidders are eligible to participate at the Auction (as defined below). The Consultation Parties shall be permitted to attend the Auction. At least three (3) days prior to the Auction, each Qualified Bidder must inform the Debtor in writing whether it intends to participate in the Auction. If the Debtor receives only one Qualified Bid with regard to the Assets, (a) the Debtor shall not hold an Auction with respect to such Assets; (b) the Qualified Bid will be deemed the Successful Bid with respect to the Assets; and (c) the Qualified Bidder will be named the Successful Bidder with respect to such Assets.

If at least two Qualified Bids are received by the Bid Deadline with regard to the Assets, the Debtor will conduct an auction (the "Auction") with respect to such Assets and shall determine, after consultation with the Consultation Parties, which Qualified Bid is the highest or otherwise best Qualified Bid for the Assets (the "Starting Bid"), which determination will be communicated to Qualified Bidders prior to the commencement of the Auction. The Auction shall take place at 10:00 a.m.  on June 19, 2019 at the offices of counsel to the Debtor, Gellert Scali Busenkell & Brown, LLC, 1201 North Orange Street, 3rd Floor, Wilmington, Delaware 19801, or such later time or such other place as the Debtor shall designate and notify to all Qualified Bidders who have submitted Qualified Bids. Professionals and principals for the Debtor, each Qualified Bidder and the Consultation Parties shall be able to attend and observe the Auction, along with any other parties the Debtor deem appropriate.

Each Qualified Bidder participating in the Auction will be required to confirm, in writing, and on the record at the Auction, that (a) it has not engaged in any collusion with respect to the Bidding Process, and (b) its Qualified Bid is a good faith bona fide offer that it intends to consummate if selected as the Successful Bidder.

Bidding at the Auction for the Assets (or subset thereof) that are subject to Qualified Bids will begin with the Starting Bid and continue, in one or more rounds of bidding, so long as during each round at least one Subsequent Bid (defined below) is submitted by a Qualified Bidder that (i) improves on such Qualified Bidder's immediately prior Qualified Bid (a "Subsequent Bid") and (ii) the Debtor reasonably determine, in consultation with the Consultation Parties, that such Subsequent Bid is (A) for the first round, a higher or otherwise better offer than the Starting Bid, and (B) for subsequent rounds, a higher or otherwise better offer than the Leading Bid (as defined below). Each Subsequent Bid at the Auction shall provide net value to the estates in an amount to be announced at or prior the Auction ("Incremental Overbid") over the Starting Bid or the Leading Bid (as defined below), as the case may be, as determined by the Debtor in the exercise of their reasonable business judgment and in consultation with the Consultation Parties.  After the first round of bidding and between each subsequent round of bidding, the Debtor shall announce the bid that they believe to be the highest or otherwise best offer for the subject Assets (the "Leading Bid"). A round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a

Subsequent Bid with full knowledge of the Leading Bid, subject to the Debtor's authority to revise the Auction procedures as set forth below.

The Debtor may, in consultation with the Consultation Parties, announce at the Auction additional procedural rules (*e.g.*, the amount of time to make Subsequent Bids, the amount of the Incremental Overbid, or the requirement that parties submit "best and final" Bids) for conducting the Auction or otherwise modify these Bid Procedures; provided that such rules (1) are not materially inconsistent with these Bid Procedures, the Bankruptcy Code or any order of the Bankruptcy Court, and (2) are disclosed to each Qualified Bidder during the Auction. The bidding at the Auction shall be transcribed or videotaped and the Debtor shall maintain a transcript of all Bids made and announced at the Auction

Immediately prior to the conclusion of the Auction, the Debtor, in consultation with the Consultation Parties will, for the Assets (or subset thereof) that were subject to the Auction: (a) determine, consistent with the Bid Procedures, which bid constitutes the highest or otherwise best bid (the "<u>Successful Bid</u>"); and (b) notify all Qualified Bidders at the Auction for the subject Assets, prior to its conclusion, of the name of the maker of the Successful Bid (the "<u>Successful Bidder</u>") with respect to the subject Assets, and the amount and other material terms of the Successful Bid. The Debtor may, in consultation with the Consultation Parties, designate the Next-Highest Bid (and the corresponding Next-Highest Bidder) to close with respect to the subject Assets in the event that the Successful Bidder does not close the Sale. The terms of each Successful Bid and Next-Highest Bid shall be reasonably acceptable to MC, if not the Successful Bidder, in consultation with the Agent as set forth in the Credit Agreement, and shall, among other things, either (x) provide for cash proceeds in an amount sufficient to repay in full in cash all of the Debtor's obligations under the Credit Agreement and, if applicable, all of the Debtor's obligations under the Prepetition Credit Agreement or (y) be approved and consented to by the Agent. Unless the Bankruptcy Court orders otherwise upon application by the Debtor, the Debtor shall not consider any Bids or Subsequent Bids submitted after the conclusion of the Auction and any and all such Bids and Subsequent Bids shall be deemed untimely and shall under no circumstances constitute a Qualified Bid.

Within 24 hours following conclusion of the Auction, the Debtor shall file a notice on the Bankruptcy Court's docket identifying (with specificity) the Successful Bidder(s) for the Assets (or subset thereof) and any applicable Next-Highest Bidders. Notwithstanding the selections of the Successful Bidder(s) and the Next-Highest Bidder(s), all bids are binding and irrevocable until the later of (i) the Closing Date, or (ii) twenty (20) days after the Sale Hearing (unless selected as the Next-Highest Bidder, in which case such offer will remain open until the Closing Date).

## X.    Jurisdictional Consent

All bidders at the Auction will be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to jury trial in connection with any disputes relating to the Auction, the Sale and the construction and enforcement of any Stalking Horse Agreement (if applicable) and all other agreements entered into in connection with any proposed Sale transaction. Such consent and waiver shall apply to the extent that it is later determined that the

Bankruptcy Court, absent consent, cannot enter final orders or judgments with regard to the foregoing matters consistent with Article III of the United States Constitution.

## XI.     Acceptance of Qualified Bids

The Debtor may reject at any time, before entry of an order of the Bankruptcy Court approving the Sale, any Bid that, in the Debtor' judgment, upon considering any comments of the Consultation Parties, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures or the DIP Documents, or (iii) contrary to the best interests of the Debtor and their estates. The Debtor, in consultation with the Consultation Parties, expressly reserve the right to reject any "joint bids" by multiple Potential Bidders or bids submitted by joint ventures formed by more than one Potential Bidder.

The Debtor's presentation to the Bankruptcy Court for approval of a selected Qualified Bid as a Successful Bid does not constitute the Debtor's acceptance of such Bid. The Debtor will have accepted a Successful Bid only when such Successful Bid has been approved by the Bankruptcy Court at the Sale Hearing. The Debtor intends to close the Sale(s) on or before June 25, 2019 unless another time or date, or both, are agreed to in writing by the Debtor and the Successful Bidder (the "Closing Date").

## XII.     No Fees for Potential Bidders or Qualified Bidders

Potential Bidders or Qualified Bidders shall not be allowed any break-up, termination or similar fee. Moreover, all Potential Bidders, Qualified Bidders, by participating in the Bidding Process, will be deemed to have waived any right to seek a claim for substantial contribution pursuant to section 503 of the Bankruptcy Code or the payment of any broker fees or cost.

## XIII.     Sale Hearing

Each Successful Bid and any Next-Highest Bid (or if no Qualified Bid other than that of a Stalking Horse Bidder or one Qualified Bidder is received with respect to the Assets (or subset thereof), then the Stalking Horse Bid or the Qualified Bidder, respectively) will be subject to approval by the Bankruptcy Court. The hearing to approve a Successful Bid and any Next-Highest Bid (or if no Qualified Bid other than that of a Stalking Horse Bidder or one Qualified Bid is received with respect to the Assets (or subset thereof), then the Stalking Horse Bid or the Qualified Bid, respectively) shall take place on **June 24, 2019 at 10:00 a.m.** (prevailing Eastern Standard Time) (the "Sale Hearing"). The Sale Hearing may be adjourned by the Debtor consistent with the terms of the DIP Documents and from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by filing a notice, which may be a hearing agenda stating the adjournment, on the docket of the Debtor's chapter 11 cases.

At the Sale Hearing, the Debtor will seek entry of an order that, among other things: (i) authorizes and approves the Sale(s) to the Successful Bidder(s) and/or the Next-Highest Bidder(s), and (ii) includes a finding that the Successful Bidder(s) and/or the Next-Highest Bidder(s) is a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code.

## XIV.    Return of Good Faith Deposit

The Good Faith Deposits of all Potential Bidders shall be held in escrow by the Debtor, but shall not become property of the Debtor's estate absent further order of the Bankruptcy Court. The Good Faith Deposits of all Potential Bidders shall be retained by the Debtor, notwithstanding Bankruptcy Court approval of the Sale(s), until three (3) business days after the earlier of (a) the applicable Closing Date(s), or (b) ten (10) days following the Sale Hearing; provided, however, that the Good Faith Deposit of each Next-Highest Bidder shall be retained until three (3) business days after the applicable Closing Date. The Debtor shall retain any Good Faith Deposit submitted by each Successful Bidder. At the closing of a Sale contemplated by a Successful Bid, the applicable Successful Bidder will be entitled to a credit for the amount of its Good Faith Deposit to the extent such a deposit was provided.

If a Successful Bidder (or, if the Sale is to be closed with a Next-Highest Bidder, then the Next-Highest Bidder) fails to consummate the Sale because of a breach or failure to perform on the part of such bidder, then, subject to the terms of the Purchase Agreement or the Stalking Horse Agreement, as applicable (and as such agreements may be amended or modified at the Auction), the Debtor and their estates shall be entitled to retain the Good Faith Deposit of such Successful Bidder (or, if the Sale is to be closed with the Next-Highest Bidder, then such Next-Highest Bidder) as part of the damages resulting to the Debtor and their estates for such breach or failure to perform.

## XV.    Reservation of Rights and Modifications

Notwithstanding any of the foregoing, the Debtor and its estate, in consultation with the Consultation Parties, and with the consent of the Agent, which consent shall not be unreasonably withheld, and consistent with the terms of the Credit Agreement, reserve the right to modify these Bid Procedures at or prior to the Auction, including, without limitation, to extend the deadlines set forth herein, modify bidding increments, waive terms and conditions set forth herein with respect to any or all Potential Bidders (including, without limitation, the Bid Requirements), impose additional terms and conditions with respect to any or all potential bidders, adjourn or cancel the Auction at or prior to the Auction, and adjourn the Sale Hearing. By no later than the time of announcement of the Stalking Horse Bid for the Auction, the Debtor may determine, in consultation with the Consultation Parties and with the consent of the Agent, which consent shall not be unreasonably withheld, to withdraw the Assets or any subset thereof, including but not limited to intellectual property, and/or nonresidential real property leases, from the Auction and Sale process, and adjourn the Sale Hearing with respect to these assets on the terms set forth herein.

The Debtor shall consult with the Consultation Parties as explicitly provided for in these Bid Procedures; provided, however, that the Debtor shall not be required to consult with any Consultation Party (or its advisors) that submits a Bid or has a Bid submitted on its behalf for so long as such Bid remains open, including any credit bid, if the Debtor determine, in their reasonable business judgment, that consulting with such Consultation Party regarding any issue, selection, or determination is (a) likely to have a chilling effect on the potential bidding or (b) otherwise contrary to the goal of maximizing value from the sale process for the Debtor's estates, their creditors, and all other parties in interest.

## XVI.   Next-Highest Bidder

Notwithstanding any of the foregoing, in the event that a Successful Bidder fails to close a Sale prior to such date as specified in the applicable Purchase Agreement (or such date as may be extended by the s), the Debtor, upon written notice to the Next-Highest Bidder, may designate the applicable Next-Highest Bid as the Successful Bid for the Assets (or subset thereof), the Next-Highest Bidder will be deemed to be the Successful Bidder for such Assets, and the Debtor will be authorized, but not directed, to close the Sale to the Next-Highest Bidder subject to the terms of the Next-Highest Bid without the need for further order of the Bankruptcy Court and without the need for further notice to any interested parties.

*[The remainder of this page is intentionally left blank]*

**EXHIBIT 2**

**Notice of Auction and Sale Hearing**

(see attached)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NANOMECH, INC.,<br><br>          Debtor.<sup>1</sup> | Chapter 11<br><br>Case. No. 19-10851 (CSS) |

## NOTICE OF SALE BY AUCTION AND SALE HEARING

      **PLEASE TAKE NOTICE** that on April 23, 2019, the above-captioned debtor and debtor in possession (the "**Debtor**") filed the *Debtor's Motion for Entry of (I) An Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving The Form And Manner of Notice Thereof, and (C) Scheduling an Auction and Sale Hearing, (D) Approving Procedures for the Assumption and Assignment of Contracts, and (E) Granting Related Relief and (II) An Order (A) Approving the Asset Purchase Agreement Between the Debtor and the Purchaser, and (B) Authorizing The Sale Of Substantially All Of The Debtor's Assets Free and Clear Of Liens, Claims, Encumbrances, and Interests, (C) Authoring the Assumption and Assignment of Contracts and Leases, and (D) Granting Related Relief* [Docket No. 31] (the "**Sale Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**") seeking, among other things, entry of an order (the "**Sale Order**") authorizing and approving: (a) the sale of substantially all of the Debtor's assets (the "**Assets**") free and clear of liens, claims, encumbrances, and other interests, with all such liens, claims, encumbrances, and other interests attaching with the same validity and priority to the sale proceeds, except as set forth in the applicable Purchase Agreement and subject to higher or otherwise better offers (the "**Sale**"); and (b) procedures for the assumption and assignment of executory contracts and unexpired leases (collectively, the "**Contracts**"). Please note that all capitalized terms used but not defined herein shall have the meanings set forth in the Sale Motion.

      **PLEASE TAKE FURTHER NOTICE** that the Court entered an order (the "**Bid Procedures Order**") granting certain of the relief sought in the Sale Motion, including, among other things, approving: (a) the Bid Procedures (the "**Bid Procedures**") for the Sale of the Assets; and (b) procedures for the assumption and assignment of the Contracts (the "**Assumption Procedures**").

      **PLEASE TAKE FURTHER NOTICE** that the Debtor will seek approval of the Sale at a hearing scheduled to commence on or before **June 24, 2019 at 10:00 (a.m.) (ET)** (the "**Sale Hearing**") before the Honorable Christopher S. Sontchi, Chief United States Bankruptcy Judge for the Bankruptcy Court for the District of Delaware, at Courtroom No. 6, 824 N. Market St., Wilmington, DE 19801.

---

<sup>1</sup>      The last four digits of the Debtor's federal tax identification number are 3143.  The Debtor's service address for the purpose of this chapter 11 case is: 2447 Technology Way, Springdale, AR 72764.

**PLEASE TAKE FURTHER NOTICE** that upon the closing of the Sale, the Debtor intends to assume and assign to the Successful Bidder arising from the Auction (as defined in the Bid Procedures Order), the Contracts and Leases and any modifications thereto (collectively, the "**Assigned Contracts**") set forth on <u>Exhibit A</u> attached hereto, subject to (a) the Successful Bidder's right to designate additional Contracts as Assigned Contracts or remove certain Contracts from the list of Assigned Contracts or (b) any similar right of any other Successful Bidder arising from the Auction. In addition, the cure amounts, if any, that the Debtor believes are necessary for the assumption and assignment of the Assigned Contracts (the "**Cure Amounts**") are set forth on <u>Exhibit A</u> attached hereto.

**PLEASE TAKE FURTHER NOTICE** that the Debtor has evaluated the financial wherewithal of the Successful Bidder (*e.g.*, financial credibility, willingness, and ability of the interested party to perform under the Contracts) and believes that the Successful Bidder's financial health, agreement to pay cure amounts related to the Assigned Contracts, and commitment to pay obligations as they come due satisfies the requirements of adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that, after the Bid Deadline has occurred, the Debtor will separately identify the Contracts designated for assumption and assignment by each Qualified Bidder and furnish adequate assurance information demonstrating the ability of each Qualified Bidder to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code, including, without limitation, each Qualified Bidder's financial wherewithal and willingness to perform under the Assigned Contracts.

## <u>Obtaining Additional Information</u>

Copies of the Sale Motion, Bid Procedures, and Bid Procedures Order, as well as all related exhibits, including the proposed Sale Order, are available: (a) upon request to counsel to the Debtor, Michael Busenkell, Esq., MBusenkell@gsbblaw.com, or (b) for a fee via PACER by visiting https://ecf.deb.uscourts.gov/.

## <u>Filing Assumption and Assignment Objections</u>

Pursuant to the Assumption Procedures, objections to the proposed assumption and assignment of an Assigned Contract, including any objection relating to the Cure Amount and/or adequate assurance of future performance (collectively, a "**Contract Objection**"), must: (a) be in writing; (b) state with specificity the nature of such objection and alleged Cure Amount, including applicable and appropriate documentation in support of such alleged Cure Amount; (c) comply with the Bankruptcy Rules and the Local Rules; (d) for Contract Objections to any Cure Amount set forth on <u>Exhibit A</u> attached hereto or to the assumption and assignment of an Assigned Contract to the Successful Bidder, be filed with the Court and served so as to be ***actually received*** on the earlier of **4:00 p.m. (ET) seven days from service of this notice or the Sale Hearing**; and (e) for Contract Objections to the adequate assurance of future performance by a Qualified Bidder, be filed with the Court and served so as to be ***actually received*** by **June 22, at 4:00 p.m. (ET)**.

Any timely filed Contract Objections made prior to the Sale Hearing will be considered at the Sale Hearing, or another date agreed to by the parties, and must be served on the following parties:

| Counsel to the Debtor | Counsel to Michaelson Capital |
|---|---|
| Gellert Scali Busenkell & Brown, LLC<br>1201 N. Orange St.<br>3rd Floor<br>Wilmington, Delaware 19801<br>Attn: Michael Busenkell<br>mbusenkell@gsbblaw.com | Otterbourg PC<br>230 Park Avenue<br>New York, New York 10169-0075<br>Attn: Jonathan Helfat<br>jhelfat@otterbourg.com |
| **Counsel to the Official Committee of Unsecured Creditors** | **The United States Trustee** |
| | Office of the United States Trustee for the District of Delaware<br>J. Caleb Boggs Building<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, Delaware 19801<br>Attn: Benjamin Hackman |

If any timely filed Contract Objection cannot be resolved by the Successful Bidder arising from the Auction, if any, and the objecting party, the Court shall resolve such Contract Objection prior to assumption and assignment of such designated Contract, and upon entry of an order by the Court resolving such Contract Objection, the assignment, if approved by the Court, shall be deemed effective as of the date such objecting party receives the Assumption Notice.  To the extent that any Contract Objection cannot be resolved by the parties, such Contract shall be assumed and assigned only upon satisfactory resolution of the Contract Objection, to be determined in the reasonable discretion of the Successful Bidder arising from the Auction, if any, and until such time as the Contract Objection can be resolved, the Contract shall be conditionally assumed and assigned pending a resolution of the Contract Objection after notice and a hearing.

## <u>CONSEQUENCES OF FAILING TO TIMELY FILE AND SERVE AN OBJECTION</u>

ANY COUNTERPARTY TO AN ASSIGNED CONTRACT WHO FAILS TO TIMELY FILE AND SERVE AN OBJECTION TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF AN ASSIGNED CONTRACT AND/OR THE CURE AMOUNT SET FORTH ON <u>EXHIBIT A</u> ATTACHED HERETO IN ACCORDANCE WITH THE BID PROCEDURES ORDER AND THE ASSUMPTION PROCEDURES SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACT AND/OR THE CURE AMOUNT SET FORTH ON <u>EXHIBIT A</u> ATTACHED HERETO, INCLUDING ASSERTING ADDITIONAL CURE AMOUNTS WITH RESPECT TO THE ASSIGNED CONTRACT RELATING TO ANY PERIOD PRIOR TO THE TIME OF ASSUMPTION AND ASSIGNMENT.

Dated: May 14, 2019
 Wilmington, Delaware

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (No. 3933)
Ronald S. Gellert (No. 4259)
Evan W. Rassman (No. 6111)
1201 North Orange Street , Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: mbusenkell@gsbblaw.com
    rgellert@gsbblaw.com
    erassman@gsbblaw.com

*Attorneys for Debtor and Debtor-in- Possession*

**Exhibit A**

**Assigned Contracts**[2]

| Debtor | Counterparty | Description of Assigned Contract or Lease | Cure Amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

---

[2] The presence of a contract or lease on this Exhibit A does not constitute an admission by the Debtor that such contract is an executory contract or such lease is an unexpired lease pursuant to section 365 of the Bankruptcy Code or any other applicable law, and the Debtor reserves all rights to withdraw any proposed assumption and assignment or to reject any contract or lease at any time before such contract or lease is assumed and assigned pursuant to an order of the Court.

# EXHIBIT 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>NANOMECH, INC.,<br><br>        Debtor. [1] | Chapter 11<br><br>Case. No. 19-10851 (CSS) |

## NOTICE OF SALE BY AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE** that on April 23, 2019, the above-captioned debtor and debtor in possession (the "**Debtor**") filed the *Debtor's Motion for Entry of (I) An Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving The Form And Manner of Notice Thereof, and (C) Scheduling an Auction and Sale Hearing, (D) Approving Procedures for the Assumption and Assignment of Contracts, and (E) Granting Related Relief and (II) An Order (A) Approving the Asset Purchase Agreement Between the Debtor and the Purchaser, and (B) Authorizing The Sale Of Substantially All Of The Debtor's Assets Free and Clear Of Liens, Claims, Encumbrances, and Interests, (C) Authoring the Assumption and Assignment of Contracts and Leases, and (D) Granting Related Relief* [Docket No. 37] (the "**Sale Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**") seeking, among other things, entry of an order (the "**Sale Order**") authorizing and approving: (a) the sale of substantially all of the Debtor's assets (the "**Assets**") free and clear of liens, claims, encumbrances, and other interests, with all such liens, claims, encumbrances, and other interests attaching with the same validity and priority to the sale proceeds, except as set forth in the applicable Purchase Agreement and subject to higher or otherwise better offers (the "**Sale**"); and (b) procedures for the assumption and assignment of executory contracts and unexpired leases (collectively, the "**Contracts**"). Please note that all capitalized terms used but not defined herein shall have the meanings set forth in the Sale Motion.

**PLEASE TAKE FURTHER NOTICE** that the Court entered an order (the "**Bid Procedures Order**") granting certain of the relief sought in the Sale Motion, including, among other things, approving: (a) the Bid Procedures (the "**Bid Procedures**") for the Sale of the Assets; and (b) procedures for the assumption and assignment of the Contracts (the "**Assumption Procedures**").

**PLEASE TAKE FURTHER NOTICE** that an If at least two Qualified Bids (or one Qualified Bid if there is also a Stalking Horse Bid) are received by the Bid Deadline with regard to the Assets, the Debtor will conduct an Auction in accordance with the Bid Procedures, which Auction shall take place on **June 19, 2019 at 10:00 a.m.** (prevailing Eastern Standard Time) at the offices of counsel to the Debtor, Gellert Scali Busenkell & Brown, LLC, 1201 North Orange Street, 3rd Floor, Wilmington, Delaware 19801, or such later time or such other place as the Debtor

---

[1]      The last four digits of the Debtor's federal tax identification number are 3143.  The Debtor's service address for the purpose of this chapter 11 case is: 2447 Technology Way, Springdale, AR 72764.

shall designate and notify to all Qualified Bidders (as defined in the Bid Procedures) who have submitted Qualified Bids. If the Debtor receive only one Qualified Bid with regard to any particular Assets (or all of the Assets), (a) the Debtor shall not hold an Auction with respect to such Assets; (b) the Stalking Horse Bid or the Qualified Bid, as applicable, will be the Successful Bid with respect to such Assets; and (c) the Stalking Horse Bidder or the Qualified Bidder, as applicable, will be named the Successful Bidder with respect to such Assets.

**PLEASE TAKE FURTHER NOTICE** that the Debtor will seek approval of the Sale at a hearing scheduled to commence on or before **June 24, 2019 at 10:00 a.m. (ET)** (the "**Sale Hearing**") before the Honorable Christopher S. Sontchi, Chief United States Bankruptcy Judge for the Bankruptcy Court for the District of Delaware, at Courtroom No. 6, 824 N. Market St., Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE that you are receiving this notice (the "Contract Notice") because you or one of your affiliates may be a counterparty to one or more of the Contracts with the Debtor as set forth on Exhibit A attached hereto (the "Contract Schedule")[2]. If the Court enters the Sale Order, the Debtor may assume and assign to the Stalking Horse (or to another Successful Bidder selected at the Auction, if any) or reject the Contract listed on the Contract Schedule, to which you are a counterparty, either as of the Closing Date or a later date pursuant to the Stalking Horse Purchase Agreement or the Successful Bidder Purchase Agreement.**

**PLEASE TAKE FURTHER NOTICE** that the Debtors have determined that the cure amounts necessary to cure all defaults, if any, and to pay all actual or pecuniary loses that have resulted form such defaults under the Contracts (the "Cure Amounts") are in the total amount as set forth on the Contract Schedule attached hereto as Exhibit A.

### Obtaining Additional Information

Copies of the Sale Motion, Bid Procedures, and Bid Procedures Order, as well as all related exhibits, including the proposed Sale Order, are available: (a) upon request to counsel to the Debtor, Michael Busenkell, Esq., MBusenkell@gsbblaw.com, or (b) for a fee via PACER by visiting https://ecf.deb.uscourts.gov/.

### Filing Assumption and Assignment Objections

Pursuant to the Assumption Procedures, objections to the proposed assumption and assignment of an Assigned Contract, including any objection relating to the Cure Amount and/or adequate assurance of future performance (collectively, a "**Contract Objection**"), must: (a) be in writing; (b) state with specificity the nature of such objection and alleged Cure Amount, including applicable and appropriate documentation in support of such alleged Cure Amount; (c) comply with the Bankruptcy Rules and the Local Rules; (d) for Contract Objections to any Cure Amount set forth on Exhibit A attached hereto or to the assumption and assignment of an Assigned Contract to the Successful Bidder, be filed with the Court and served so as to be ***actually received*** on the earlier of **4:00 p.m. (ET) fourteen days from service of this notice or the Sale Hearing**; and (e)

---

[2] This Contract Notice is being sent to counterparties to contracts that may be executory contracts. This Contract Notice is not an admission by the Debtor that such contract is executory or unexpired.

for Contract Objections to the adequate assurance of future performance by a Qualified Bidder, be filed with the Court and served so as to be ***actually received*** by **June 22, 2019, at 12:00 p.m. (ET)**.

Any timely filed Contract Objections made prior to the Sale Hearing will be considered at the Sale Hearing, or another date agreed to by the parties, and must be served on the following parties:

| Counsel to the Debtor | Counsel to Michaelson Capital |
|---|---|
| Gellert Scali Busenkell & Brown, LLC<br>1201 N. Orange St.<br>3rd Floor<br>Wilmington, Delaware 19801<br>Attn: Michael Busenkell<br>mbusenkell@gsbblaw.com | Otterbourg PC<br>230 Park Avenue<br>New York, New York 10169-0075<br>Attn: Jonathan Helfat<br>jhelfat@otterbourg.com |
| **Counsel to the Official Committee of Unsecured Creditors** | **The United States Trustee** |
|  | Office of the United States Trustee for the District of Delaware<br>J. Caleb Boggs Building<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, Delaware 19801<br>Attn: Benjamin Hackman |

If any timely filed Contract Objection cannot be resolved by the Successful Bidder arising from the Auction, if any, and the objecting party, the Court shall resolve such Contract Objection prior to assumption and assignment of such designated Contract, and upon entry of an order by the Court resolving such Contract Objection, the assignment, if approved by the Court, shall be deemed effective as of the date such objecting party receives the Assumption Notice.  To the extent that any Contract Objection cannot be resolved by the parties, such Contract shall be assumed and assigned only upon satisfactory resolution of the Contract Objection, to be determined in the reasonable discretion of the Successful Bidder arising from the Auction, if any, and until such time as the Contract Objection can be resolved, the Contract shall be conditionally assumed and assigned pending a resolution of the Contract Objection after notice and a hearing.

[Remained of Page Intentionally Left Blank]

## CONSEQUENCES OF FAILING TO TIMELY FILE AND SERVE AN OBJECTION

ANY COUNTERPARTY TO AN ASSIGNED CONTRACT WHO FAILS TO TIMELY FILE AND SERVE AN OBJECTION TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF AN ASSIGNED CONTRACT AND/OR THE CURE AMOUNT SET FORTH ON **EXHIBIT A** ATTACHED HERETO IN ACCORDANCE WITH THE BID PROCEDURES ORDER AND THE ASSUMPTION PROCEDURES SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACT AND/OR THE CURE AMOUNT SET FORTH ON **EXHIBIT A** ATTACHED HERETO, INCLUDING ASSERTING ADDITIONAL CURE AMOUNTS WITH RESPECT TO THE ASSIGNED CONTRACT RELATING TO ANY PERIOD PRIOR TO THE TIME OF ASSUMPTION AND ASSIGNMENT.

Dated:  May 14, 2019
 Wilmington, Delaware

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (No. 3933)
Ronald S. Gellert (No. 4259)
Evan W. Rassman (No. 6111)
1201 North Orange Street , Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile:  (302) 425-5814
Email: mbusenkell@gsbblaw.com
        rgellert@gsbblaw.com
        erassman@gsbblaw.com

*Attorneys for Debtor and Debtor-in- Possession*

4

## Exhibit A

## Assigned Contracts[3]

| Debtor | Counterparty | Description of Assigned Contract or Lease | Cure Amount |
|--------|--------------|-------------------------------------------|-------------|
|        |              |                                           |             |
|        |              |                                           |             |
|        |              |                                           |             |
|        |              |                                           |             |
|        |              |                                           |             |
|        |              |                                           |             |
|        |              |                                           |             |
|        |              |                                           |             |

---

[3] The presence of a contract or lease on this Exhibit A does not constitute an admission by the Debtor that such contract is an executory contract or such lease is an unexpired lease pursuant to section 365 of the Bankruptcy Code or any other applicable law, and the Debtor reserves all rights to withd                    signment or to reject any contract or lease at any time before such contract or l                    t to an order of the Court.

**Dated: May 14th, 2019**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**